IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DATATERN, INC., <br> Plaintiff, <br> <br> v. <br> <br> (1)   ORACLE CORPORATION; <br> (2)   BEA SYSTEMS, INC.; <br> (3)   SUN MICROSYSTEMS, INC.; <br> (4)   COLLABNET, INC.; AND <br> (5)   O'REILLY MEDIA, INC., <br> Defendants | Civil Action No. 2-08CV-308 <br> <br> JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which DataTern, Inc. makes the following allegations against Oracle Corporation, BEA Systems, Inc., Sun Microsystems, Inc., CollabNet, Inc., and O'Reilly Media, Inc., (collectively the "Defendants").

### PARTIES

1   Plaintiff DataTern, Inc ("Plaintiff") is a Texas corporation pursuant to Chapter 10 of the Texas Business Organizations Code and is doing business in this District.

2.   On information and belief, Defendant Oracle Corporation ("Oracle") is a Delaware corporation with its corporate headquarters and principal place of business at 500 Oracle Parkway, Redwood City, CA 94065. Oracle has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 as its agent for service of process.

3.   On information and belief, Defendant BEA Systems, Inc., a subsidiary of Oracle Corporation, ("BEA") is a Delaware corporation with its principal place of business at 2315 North First Street, San Jose, CA 95131. BEA is qualified to do business in the State of Texas

and has appointed CT Corporation System, 350 N. St Paul Street, Dallas, TX 75201, as its agent for service of process.

4. On information and belief, Defendant Sun Microsystems, Inc. ("Sun") is a Delaware corporation with its principal place of business at 4150 Network Circle, Santa Clara, CA 95054. Sun is qualified to do business in the State of Texas and has appointed Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, TX 78701, as its agent for service of process.

5. On information and belief, Defendant CollabNet, Inc. ("CollabNet") is a Delaware corporation with its corporate headquarters and principal place of business at 8000 Marina Boulevard, Suite 600, Brisbane, CA 94005. CollabNet has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 as its agent for service of process.

6. On information and belief, Defendant O'Reilly Media, Inc. ("O'Reilly") is a Delaware corporation with its corporate headquarters and principal place of business at 1005 Gravenstein Highway, North Sebastopol, CA 95472. O'Reilly has appointed Incorporating Services, Ltd., 3500 South DuPont Highway, Dover, DE 19901 as its agent for service of process.

## JURISDICTION AND VENUE

7. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

9. On information and belief, Defendant Oracle is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

10. On information and belief, Defendant BEA is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

11. On information and belief, Defendant Sun is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

12. On information and belief, Defendant CollabNet is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm

Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

13.     On information and belief, Defendant O'Reilly is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,937,402

14.     Plaintiff is the owner by assignment of United States Patent No. 5,937,402 ("the '402 Patent") entitled "System for Enabling Access to a Relational Database from an Object Oriented Program." The '402 Patent issued on August 10, 1999. A true and correct copy of the '402 Patent is attached as Exhibit A.

15.     Upon information and belief, Defendant Oracle has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and/or offering to sell systems and apparatuses covered by one or more claims of the '402 Patent to the injury of DataTern. Without limitation, Defendant Oracle makes, uses, sells, offers to sell and/or otherwise makes available software products, including products that use object oriented source code to employ objects that

are populated with information from at relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to normalize relational schema object, which is a representation of a logical table from a database) that infringe one or more claims of the '402 patent. Specifically, such software products include, without limitation, Oracle TopLink, TopLink Essentials, BEA Kodo (which may incorporate OpenJPA), software products that are relabeled by third parties, such as EclipseLink, and software that incorporates one or more of these products, such as Oracle Fushion MiddleWare, and BEA Weblogic Server. Defendant Oracle is thus liable for infringement of the '402 Patent pursuant to 35 U.S.C. § 271.

16. Upon information and belief, Defendant BEA has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and/or offering to sell systems and apparatuses covered by one or more claims of the '402 Patent to the injury of DataTern. Without limitation, Defendant BEA makes, uses, sells, offers to sell and/or otherwise makes available software products, including products that use object oriented source code to employ objects that are populated with information from at relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to normalize relational schema object, which is a representation of a logical table from a database) that infringe one or more claims of the '402 patent. Specifically, such software products include, without limitation, BEA Kodo (which may incorporate OpenJPA), and software that incorporates one or more of these products, such as BEA Weblogic Server. Defendant BEA is thus liable for infringement of the '402 Patent pursuant to 35 U.S.C. § 271.

17. Upon information and belief, Defendant Sun has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and/or offering to sell systems and apparatuses covered by one or more claims of the '402 Patent to the injury of DataTern. Without limitation, Defendant Sun makes, uses, sells, offers to sell and/or otherwise makes available software products, including products that use object oriented source code to employ objects that are populated with information from at relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to normalize relational schema object, which is a representation of a logical table from a database) that infringe one or more claims of the '402 patent. Specifically, such software products include, without limitation, TopLink Essentials, made available by and thru its website (including www.glassfish.dev.java.net) that infringes one or more claims of the '402 patent. Further, Defendant Sun actively induces others to infringe by, for example, requiring compliance with its Java Persistence API ("JPA") portion of JSR 220: Enterprise JavaBeans, Version 3.0 Specification, and by delegating in JPA one or more operations of a "persistence provider runtime" that infringes one or more claims of the '402 patent. Defendant Sun is thus liable for infringement of the '402 Patent pursuant to 35 U.S.C. § 271.

18. Upon information and belief, Defendant Sun has had knowledge of the '402 patent since at least July 19, 2000.

19. Upon information and belief, Defendant CollabNet has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the

6

United Stated, by, among other things, making, using, selling and/or offering to sell systems and apparatuses covered by one or more claims of the '402 Patent to the injury of DataTern. Without limitation, Defendant CollabNet makes, uses, sells, offers to sell and/or otherwise makes available software products, including products that use object oriented source code to employ objects that are populated with information from at relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to normalize relational schema object, which is a representation of a logical table from a database) that infringe one or more claims of the '402 patent. Specifically, such software products include, without limitation, TopLink Essentials, made available by and thru its website www.glassfish.dev.java.net that infringes one or more claims of the '402 patent. Defendant CollabNet is thus liable for infringement of the '402 Patent pursuant to 35 U.S.C. § 271.

20   Upon information and belief, Defendant O'Reilly has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '402 Patent in the State of Texas, in this judicial district, and elsewhere in the United Stated, by, among other things, making, using, selling and/or offering to sell systems and apparatuses covered by one or more claims of the '402 Patent to the injury of DataTern. Without limitation, Defendant O'Reilly makes, uses, sells, offers to sell and/or otherwise makes available software products, including products that use object oriented source code to employ objects that are populated with information from at relational database (due to the fact that such objects are populated from a relational database, objects are associated with object classes generated in response to normalize relational schema object, which is a representation of a logical table from a database) that infringe one or more claims of the '402 patent. Specifically, such software

products include, without limitation, TopLink Essentials, made available by and thru its website www.glassfish.dev.java.net that infringes one or more claims of the '402 patent. Defendant O'Reilly is thus liable for infringement of the '402 Patent pursuant to 35 U.S.C. § 271.

21. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '402 Patent complied any with such requirements.

22. To the extent that facts learned in discovery show that Defendants' infringement of the '402 patent is or has been willful, Plaintiff reserves the right to request such a finding at time of trial.

23. As a result of these Defendants' infringement of the '402 Patent, Plaintiff has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

24. Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '402 Patent, Plaintiff will be greatly and irreparably harmed.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '402 Patent, and that such infringement was willful;

2. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '402 Patent;

3. A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '402 Patent as provided under 35 U.S.C. § 284;

4. An award to Plaintiff for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C § 284;

5. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

6. Any and all other relief to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

                              Respectfully submitted,

                              **DATATERN INC.**

Dated: August 5, 2008          By: /s/Daniel F. Perez

                              Daniel F. Perez
                              Texas State Bar No. 15776380
                              The Perez Law Firm
                              6131 Park Lane
                              Dallas, Texas 75225
                              Telephone:    (214) 289-6659
                              E-mail: dan@pereziplaw.com

                              Patrick R. Anderson
                              Michigan Bar No. P68961
                              Patrick R. Anderson PLLC
                              4225 Miller Rd, Bldg B-9
                              Suite 358
                              Flint, MI 48507
                              Telephone: 517-303-4806
                              Fax:    248-928-9239
                              E-mail: patrick@prapllc.com

                              Andrew W. Spangler
                              State Bar No. 24041960
                              Spangler Law PC
                              208 N. Green Street, Suite 300
                              Longview, TX 75601
                              (903) 753-9300
                              (903) 553-0403 Fax
                              Email: spangler@spanglerlawpc.com

                              **ATTORNEYS FOR PLAINTIFF**
                              **DataTern, Inc.**